## UNITED STATES v. BRYANT et al.

(District Court, N. D. Texas, at Abilene.    September 13, 1917.    On Motion to Instruct Jury, September 27, 1917.)

1. CRIMINAL LAW ⬡⇒42—IMMUNITY FROM PROSECUTION—TESTIFYING BEFORE GRAND JURY.

The constitutional provision that no man shall be forced to give evidence against himself in a criminal proceeding does not extend immunity from prosecution to persons testifying before the grand jury concerning a matter for which they are subsequently indicted, but merely authorizes them to refuse to answer any question tending to incriminate them, and their ignorance of this right does not entitle them to claim immunity from prosecution.

2. CONSPIRACY ⬡⇒28—CONSPIRACY TO COMMIT CRIME—ACTS CONSTITUTING.

A conspiracy to offer forcible resistance to the United States authorities in raising an army by conscription was a conspiracy to resist the existing authority of the United States, though the Selective Draft Act was not passed until after the termination of the conspiracy by the indictment and arrest of defendants, as such authority existed, whether or not it was ever exercised.

3. CONSPIRACY ⬡⇒28—CONSPIRACY TO COMMIT CRIME—ACTS CONSTITUTING.

That the whole scheme was chimerical and utterly impossible of success did not make it any less a conspiracy denounced by statute.

Criminal prosecution by the United States against G. T. Bryant and others.   On plea of immunity by W. B. Glass and others.   Plea overruled.

W. M. Odell, U. S. Atty., of Ft. Worth, Tex., and W. E. Allen, Asst. U. S. Atty., of Dallas, Tex.

E. F. Nicolds, of Abilene, Tex., for defendant Jernagin.

Hartwell & Hartwell, of Commerce, Tex., for defendant Mills.

E. F. Smith, of Snyder, Tex., for defendants Bradley and Benton.

W. D. Simpson, of Cisco, Tex., for defendant Webb.

R. L. Rust, of Eastland, Tex., for defendant Jones.

Wm. H. Atwell, of Dallas, Tex., and Chastain & Nugent, of Hamlin, Tex., for remaining defendants.

JACK, District Judge.   [1] The plea of immunity from this prosecution for W. B. Glass and 8 others of the 52 defendants herein is based on the allegation:

That "they were subpoenaed before the grand jury at Dallas, and gave their testimony, under oath, concerning the offenses in said indictment charged, and that the testimony they gave before said body in fact related to the offenses charged in said indictment, and under oath produced evidence concerning the matters and things therein complained of by the government, and for and on account of which said prosecution was brought."

The offenses with which the defendants are charged are not alleged to have occurred in the Dallas division, but in the Abilene division, of the district.   The United States attorney therefore concluded to present the matter to the grand jury in this division at Abilene, which returned an indictment substantially the same as that returned at Dallas.   None of the defendants gave testimony before the grand jury at Abilene which returned the indictment under which they are now being tried.

Even, however, were they to be tried under the original indictment, the mere fact that the grand jury in its investigation threw out a dragnet, bringing before it all witnesses who might have any possible knowledge of the alleged conspiracy, and in this way happened to sum-

mon some of the alleged conspirators, who gave testimony without objection, would not afford them immunity from prosecution. Were it otherwise, the grand jury would be seriously handicapped in its investigations by having to summon witnesses before it at its peril. All a guilty party would have to do to escape prosecution would be to secure his own summons before the grand jury and give testimony relative to the crime being investigated.

Counsel do not base their claim to immunity on any statute, but on the constitutional provision that no man shall be forced to give evidence against himself in a criminal proceeding. This cannot be construed to mean that, if he does give such evidence, he shall be immune from prosecution. It means simply that, if asked a question tending to incriminate him, he may refuse to answer. It is not especially set up in the exceptions that the evidence given by those defendants was of such a nature as to incriminate them; if it were, they should have objected to testifying. Ignorance of the law protecting them in such rights would avail them nothing.

The plea is overruled.

## On Motion to Instruct the Jury to Find for Defendants.

The government having completed its evidence, 20 of the defendants have requested that the jury be instructed to return as to them a verdict of not guilty, on the ground that the evidence fails to establish the charges against them in the bill of indictment. There are several of these defendants, to wit, George Dodson, E. B. Potter, Jim Head, J. T. Henson, Shorty Wren, E. T. Trout, and Charley Wheeler, against whom there is admittedly not sufficient evidence on which to ask a verdict of guilty, and as to whom counsel for the government have moved to dismiss. To these names, I think, should be added that of J. M. Raiborne. The jury is therefore instructed to return a verdict of not guilty as to these.

[2] In addition to this motion on behalf of certain particular defendants, there has been filed a motion to instruct on behalf of all defendants, being a reiteration of a general demurrer previously filed, based on the ground that the conspiracy alleged, if proved, was to oppose the authority of the United States in the enforcement of the provisions of a law not then on the statute books, and which might never have been passed by Congress, to wit, the Selective Draft Act, which was not finally passed until after the termination of the conspiracy by the indictment and arrest of defendants.

While there are several different offenses charged in the indictment, they all grow out of the same general conspiracy, which had for its main purpose forcible resistance by the alleged conspirators, and such others as might thereafter join them, to the authorities of the United States in raising an army by conscription. Such conspiracy, the indictment charges, was, in the language of the statute, "to oppose by force the authority of the United States," "to overthrow, put down, and destroy by force the government of the United States, and to levy war against the United States," "to incite, set on foot, assist, and engage in a rebellion or insurrection against the United States," "to commit treason against the United States," and "to restrain commerce between the several states."

It is urged in·argument by learned counsel that the conspiracy to do these things, even if proved, was conditional, and only in event that Congress should pass a statute providing for the raising of an army by conscription. This, I think, the evidence shows to be true; but I cannot concur with counsel in their conclusion therefrom. The right of Congress to pass a law providing for the raising of an army by conscription is not questioned. The United States, under the Constitution, and inherently, has such authority, regardless of whether or not the authority ever be exercised through an. act of Congress; and any conspiracy to resist the enforcement of such a proposed act of Congress is a conspiracy to resist the then existing authority of the United States.

Were it otherwise, defendants might have publicly and with impunity completed their arrangements and preparations to carry out their alleged conspiracy, and, had they been strong and resourceful enough, might have openly established headquarters, collected quantities of guns and munitions, thoroughly organized and officered their forces, and stood defiant, ready for rebellion and aggressive resistance the moment Congress acted; and, during all such time, the officers of the government would have been powerless to act, because the conspiracy was not absolute, but conditioned upon the passage of the Selective Draft Act, an uncertain event.

[3] This act, at the enforcement of which the alleged conspiracy was leveled, was, as a matter of fact, later passed by Congress. If the prompt steps taken by the officers of the government, in causing the arrest and prosecution of the alleged conspirators, thwarted the conspiracy and prevented armed resistance and rebellion,. such of the defendants who may be proved to have been parties to such conspiracy are none the less guilty, nor does the fact that the whole scheme was chimerical and utterly impossible of success, make it any the less a conspiracy denounced by the statutes of the United States.

On trial, all of the defendants were acquitted by the jury, except Z. L. Risley, S. J. Powell, and G. T. Bryant, who were convicted on one count. They are prosecuting writ of error.