UNITED STATES v. GOULED et al.

SAME v. GOULED.

(District Court, S. D. New York. September 13, 1918.)

SEARCHES AND SEIZURES ⊂⊃5—DISPOSITION OF PROPERTY SEIZED—MATERIAL EVIDENCE.

 The addressee of a letter, taken from him under a search warrant issued on a sufficient showing charging him with crime, is not entitled to return of the letter, where it contains material evidence against the writer, who is a codefendant.

Criminal prosecutions by the United States against Felix Gouled, Aubrey W. Vaughan, and David L. Podell, and against Felix Gouled. On motion of defendant Gouled for return of books and other property seized under search warrants. Denied.

See, also, 253 Fed. 242.

Francis G. Caffey, U. S. Atty., of New York City.

Martin W. Littleton, of New York City, for defendant Gouled.

MANTON, Circuit Judge. This is a motion to require the district attorney of the United States for the Southern District of New York

to deliver to the petitioner (defendant herein) all books, papers, contracts, memoranda, check books, account books, check vouchers, letters, personal diary, diaries, ledger, telephone address books, and other papers described in his petition. The property taken from the defendant was seized on the 17th of June and on the 22d of July, 1918, from his place of business at No. 1 Madison avenue, New York City.

The grand jury has indicted the defendant and others for violation of section 37 of the United States Criminal Code. Act March 4, 1909, c. 321, 35 Stat. 1096 (Comp. St. 1916, § 10201). A conspiracy to defraud the United States is alleged, and consists of fraud in the sale of articles of clothing to the government. The affidavit on behalf of the government indicates that a search warrant was issued on each of these days, and each search was made pursuant to the warrant. A search warrant may be issued as a means of obtaining evidence of crime. Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575.

But the defendant urges that this search was made in violation of the Fourth and Fifth Amendments of the Constitution, relying upon Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Flagg v. United States, 233 Fed. 481, 147 C. C. A. 367. But the distinction in the Weeks and Flagg Cases and the case at bar is that here there are two search warrants, which were used and which are not successfully attacked as irregular or invalid. Judge Coxe, in his opinion in the Flagg Case, said that—

"had there been such a warrant issued on proper proof by competent authority in the case at bar, the defendant's contention that the seizure of his property was unlawful, wanton, and in violation of his constitutional rights might have been unavailing. Such a warrant, issued by a court or magistrate having jurisdiction, protects the officer executing it, even though he may transcend his authority."

The question of whether the use of the evidence may compel the defendant to be a witness against himself is prematurely raised, and whether or not there has been a violation of the Fifth Amendment must be tested when proof is offered upon the trial. The Fourth and Fifth Amendments must be treated as quite distinct, and have been by the courts. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652. The language of the Espionage Act (Act June 15, 1917, c. 30, tit. 11, § 2, subd. 2, 40 Stat. 217) is that a search warrant may be issued—

"when the property was used as the means of committing a felony, in which case it may be taken on the warrant from any house or other place in which it is concealed, or from the possession of the person by whom it was used in the commission of the offense, or from any person in whose possession it may be."

It was the intention of Congress to thus grant the use of the search warrant for the discovery and detection of crime, which proved to be an infraction of the so-called Espionage Law. It does not go further than this. The circumstances of this case do not warrant a finding of unreasonable search. There was reasonable ground to believe that the crime had been committed, as demonstrated later by the finding of

the indictment and the plea of guilty of one of the defendants. Warrants were issued after sworn affidavit was made by duly authorized agents, and are sufficiently descriptive of the property which was taken, so as to sustain their validity. Consolidated Rendering Co. v. Vermont, 207 U. S. 541, 28 Sup. Ct. 178, 52 L. Ed. 327, 12 Ann. Cas. 658. The papers taken, at least those coming into the hands of the district attorney, were returned at the time of the hearing of this motion, except a letter sent by Podell to Gouled, which was a bill for services, and which it is asserted will be used as an exhibit on the trial, and is referred to in the indictment as a letter sent through the mails in violation of section 215 (Comp. St. 1916, § 10385); one of the counts of the indictment being a violation of this section. Clearly this exhibit would be admissible against Podell, and should not be returned to Gouled.

The motion is denied.