UNITED STATES v. GOULED et al.

SAME v. GOULED.

(District Court, S. D. New York. September 16, 1918.)

1. INDICTMENT AND INFORMATION ⟷196(1)—MOTION TO QUASH—WAIVER.
    After a defendant has pleaded to the indictment, subsequently moved for a bill of particulars, and the case has been set for trial, the court will not entertain a motion to quash on grounds personally known to defendant from the first.

2. CRIMINAL LAW ⟷627½—INSPECTION OF MINUTES OF GRAND JURY.
    Examination by the court of grand jury minutes of proceedings upon which an indictment was returned is justified only in extreme cases, where it is shown by positive allegation that the indictment was the result of fraud or corruption, or of caprice, and was not the expression of a fair judgment on the facts.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. INDICTMENT AND INFORMATION ⬤⟿137(3)—MOTION TO QUASH—GROUNDS—REGULARITY OF PROCEEDINGS OF GRAND JURY.**

The use in evidence before the grand jury of papers seized under a valid search warrant is not ground for quashing the indictment.

**4. SEARCHES AND SEIZURES ⬤⟿7—EXEMPTIONS—WAIVER.**

The purpose of the constitutional provision against unreasonable searches and seizures is to protect the citizen against arbitrary and tyrannical power, and a defendant may waive the manner and method of acquisition of his papers, and thereupon the constitutional objection is removed.

Criminal prosecutions by the United States against Felix Gouled, Aubrey W. Vaughan, and David Podell, and against Felix Gouled. On motion to quash indictments. Denied.

See, also, 253 Fed. 239.

Francis G. Caffey, U. S. Atty., and Joseph A. Burdeau, Asst. U. S. Atty., both of New York City.

Martin W. Littleton, of New York City, for defendant Gouled.

Max Steuer, of New York City, for defendant Podell.

HUTCHESON, District Judge. This is a motion that the court examine the stenographer's minutes of the evidence taken before the grand jury which returned the indictments in this cause, and that said indictments be quashed, on the ground that, as claimed by affidavit on information and belief supporting the motion, certain private papers belonging to the defendant had been unlawfully seized and detained by the United States district attorney, and had formed the main, if not the sole, basis of the action of the grand jury. Of the truth of this charge the court is asked to satisfy itself by an examination of the minutes, and, upon becoming so satisfied, to quash the indictments. On the part of the United States it is urged that the motion should be denied, because not timely, and with this view of the matter I concur.

[1] Action upon a motion to quash rests in the sound discretion of the court, and this case is clearly one in which that discretion should be exercised against the motion. The record in this case shows that the papers, the use of which is made the basis of this motion, were seized as the result of two separate seizures. Both of these seizures were made under search warrants lawfully and properly issued and executed. See the opinion of Judge Manton in United States of America v. Felix Gouled et al., 253 Fed. 770. On July 22, after the papers had been seized, the defendant admitted that he knew the government was in possession of his books and papers, and further stated:

"If there is anything the government wishes to know, my papers are all here. After my search in my business two days later, I came to see Dr. De Mund with my papers (Dr. De Mund being special agent). My package of papers to show Dr. De Mund, to show him all the details; my books and all my papers are open to the government."

The grand jury returned indictments on July 30, and on July 31 defendant, being represented by counsel, pleaded to the indictments, entering the plea of not guilty, and reserving 10 days to withdraw

his plea should he be so advised. The time for such action expired on August 10, 1918, but neither at that time, nor at any later time, was it sought by him to withdraw his plea. On the contrary, on September 3, 1918, a motion for bill of particulars was filed, and neither in this motion, nor in any argument upon it, was it suggested that there was any fault to be found with the indictment, or the proceedings out of which it grew, or that the constitutional rights of the defendant had been invaded, though at that time the facts now alleged were all within the personal knowledge of the defendant. It is further a pertinent fact that at the time of the argument on the motion for bill of particulars, this case was in open court set for trial for the 17th of September, and, though the motion for bill of particulars was shortly thereafter overruled, no suggestion was made at that time, nor until this the 16th day of September, the day before the trial, that any other relief in the matter of the indictment was sought or asked than that included in the request for bill of particulars, which request accepted the basic indictment and merely asked an elaboration of the particulars of its charges. Under these circumstances, that the right of the defendant, if it existed, to move to quash the indictment, has been waived, and that the motion should be held too late, needs citation of but few authorities. Matters v. United States, 244 Fed. 736, 157 C. C. A. 184; United States v. Perlman (D. C.) 247 Fed. 158, and cases cited.

[2] While these considerations serve to dispose of the motion, I think it not inappropriate to say that it seems clear that, had the motion been timely presented, it should also have been overruled. As to that request in it that the court cause the minutes of the grand jury to be examined, I think it clear that Judge Manton, in United States v. Perlman (D. C.) 247 Fed. 158, certainly goes far enough in setting the limits to the exercise of the right of judicial review of the action of the grand jury, and I have no disposition to extend them. While I have no difficulty in declaring that in extreme cases of positive allegations or fraud or corruption, or positive allegations that no evidence of any kind had been admitted, and therefore the indictment was the result of caprice, and not the expression of a fair judgment on the facts, it would not only be proper, but incumbent upon the court, to examine the grand jury minutes, so as to protect the citizen from oppression, I think the policy of the law is unalterably opposed to fishing expeditions into grand jury minutes, conducted by the court at the request of defendants on affidavits upon information and belief, and there is no reason shown in this case why such an expedition should be entered on.

[3] Should, however, it be admitted that the grand jury did consider some of the papers seized, there would still be no ground for quashing the indictments, first, because the record made on the hearing of the motion before Judge Manton showed that there were many papers seized which could not in any event have a claim of privilege asserted for them, and it does not appear in any way that the grand jury did not have before it ample competent matter. Further, the papers having been seized under a valid search warrant, their

use could not be made the basis of an attack upon the grand jury indictment, unless the fundamental point is conceded that a search warrant could not issue in such cases. I think the contrary is clearly established by the authorities and upon reason.

With reference to the claim on the motion of the constitutional right of the defendant, which protects him against being compelled to give evidence against himself, it is sufficient to say that that question will be decided when reached, as no invasion of that right could occur until the defendant was put upon the stand on the trial of the cause, or until some use was attempted to be made on the trial which clearly contravened the Constitution.

[4] There is still another ground on which this motion should be overruled, and that is the ground of consent and acquiescence. While it is of the highest importance that the right of the individual guaranteed by the Constitution should be in no manner invaded, it is of equal importance that the claim for constitutional protection be viewed in the light of reason and so applied. As was said by Judge Batts, in Whitehead v. United States, 245 Fed. 392, 157 C. C. A. 554:

The defendants "are entitled to be tried in accordance with law. They are entitled, however, to no more than a trial by law as the law is. They cannot invoke the law as it might have been, if the tendency to permit absurd technicalities to defeat the purposes of the law had not been checked by persistent public protest and stopped by tardy, but wise, legislation."

The purpose of the constitutional provision invoked was to protect the citizen against arbitrary and tyrannical power, and not to furnish him a shield with which to shift according to the different aspect in which his case presented itself to his mind as time went on. And so it is recognized clearly that, while the law protects against unlawful seizures and searches, the defendant may waive, if he thinks it to his advantage, or for any reason, the manner and method of the acquisition of his papers, and thereupon the constitutional objection is removed. In Linn v. United States, 234 Fed. 543, 148 C. C. A. 309 (opinion by Circuit Court of Appeals for the Seventh Circuit), the papers had been seized by a post office inspector in violation of the right of Linn to protection against unlawful search and seizure. The court said:

"It appears from the uncontradicted testimony of witness [the inspector] that he showed these letters to Linn and asked him if he * * * might have them, and that Linn said he might. Under these circumstances, no question of improper search and seizure can be said to arise."

It is familiar law that a man waives even his protection against incrimination by voluntarily testifying, and this whether he knew of the principle or not. See United States v. Bryant (D. C.) 245 Fed. 682.

For all of the above reasons, the motion should be in all things denied.