**UNITED STATES v. PILLON et al.**

No. 38045.

District Court, E. D. New York.

Jan. 28, 1941.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (James D. Saver, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Louis J. Castellano, of Brooklyn, N. Y., for defendant Carlo Gambino.

BYERS, District Judge.

The defendant Gambino seeks an order for a hearing preliminary to trial, such as was prescribed in Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 268, 84 L.Ed. 307.

It sufficiently appears that two earlier indictments, charging the same conspiracy as in the pending cause, were dismissed without opposition by the United States Attorney, because the evidence upon which they were obtained involved wire-tapping, and hence was illegal under the cited decision. That was on February 5, 1940.

The present indictment was lodged against ten of the forty-two defendants named in the earlier bills. The present petition alleges, upon information and belief, that, by reason of the similarity of the offenses charged, "the evidence submitted before the grand jury which returned the indictment at bar consisted of telephone communications which were unlawfully intercepted by government agents. * * * submitted and divulged to the grand jury returning this indictment in violation * * *" of the defendant's statutory and constitutional rights. Further, "Such intercepted communications divulged to the grand jury constitute a vital part of the evidence considered by the grand jury, and upon which the grand jury returned the present indictment".

The foregoing is categorically denied in the opposing affidavit filed by the Assistant United States Attorney who presented this case to the grand jury.

The issue thus made does not constitute the affirmative showing required of a defendant in the following passage in the opinion of the Supreme Court in the Nardone case, supra:

"The burden is, of course, on the accused in the first instance to prove to the trial court's satisfaction that wire-tapping was unlawfully employed. Once that is established—as was plainly done here—the trial judge must give opportunity, however closely confined, to the accused to prove that a substantial portion of the case against him was a fruit of the poisonous

tree. This leaves ample opportunity to the Government to convince the trial court that its proof had an independent origin."

■ At argument, it was urged for the defendant that the court should itself inspect the minutes of the grand jury to ascertain whether the evidence produced before it was indeed of the character attributed to it by the defendant. To yield to that suggestion would announce on the part of the court a skepticism concerning the good faith of the opposing affidavit, for which there would be neither reason nor inclination.

If that be an insufficient reason—and perhaps it may be so regarded—there is the additional consideration that, having suffered the dismissal of the earlier indictments for the reason stated, it is manifestly improbable that the Government would do such an idle thing as to again rely upon evidence which the Supreme Court has condemned in plain and unmistakable terms.

■ No substantial right of the defendant is foreclosed by the denial of this motion. If upon the trial it should appear that evidence of the interdicted nature is offered, of necessity it will be excluded. If it be then disclosed that the prosecution was instituted in part in reliance upon evidence of the adjudicated infirmity, the trial court can be governed by the following passage from the same opinion:

"Therefore claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government's possession before its submission to the jury. And if such a claim is made after the trial is under way, the judge must likewise be satisfied that the accused could not at an earlier stage have had adequate knowledge to make his claim."

It must be borne in mind that in the Nardone case the fact of the employment of the objectionable evidence was made clearly to appear from the record of the trial itself, and the court therefore was dealing with an established condition.

Presently there is before this court nothing beyond a proclaimed misgiving that the United States Attorney for this district has presented evidence to the grand jury in disregard of the decision to which reference has been made; that showing is entirely insufficient, as the matter now stands.

Motion denied. Settle order.