**UNITED STATES of America**
v.
**Edwin J. CARNEY, Defendant.**
**Cr. No. 60 CR–234.**

United States District Court
E. D. New York.

Oct. 7, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Joseph J. Marcheso, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for United States.

Thomas F. Burchill, Jr., New York City, G. Solleder, New York City, of counsel, for defendant.

BRUCHHAUSEN, Chief Judge.

The defendant moves to dismiss the indictment and to suppress any and all evidence obtained through wire tapping, in violation of the defendant's constitutional rights.

In support of this motion, the defendant submits a purely hearsay affidavit of his attorney. The said attorney alleges that the local police, investigating gambling, tapped telephones on the pier located at the foot of 29th Street, Brooklyn; that the defendant, employed as a Customs Agent, was stationed on the pier; that on February 13, 1958, the defendant together with other individuals were arrested on the pier and taken to the office of the District Attorney of Kings County; that the defendant was questioned by local police concerning a liquor conspiracy; that two Government Agents, Kiernan and Hannon, were sent to the District Attorney's office to inquire into Carney's detention; that these Agents were then brought into a room that contained electronic equipment and listened to wire-tap recordings; that upon leaving the room the Agents told Carney they had "heard plenty"; that subsequently the Federal Agents conducted their own investigation of Carney and that he was indicted by a Federal Grand Jury.

The defendant contends that the evidence obtained against him resulted from clues and leads, if not actual recordings of his voice over the telephone tapped by local police in connection with a gambling investigation. He urges that such evidence so obtained and presented to the Grand Jury was the basis of the indictment.

The Assistant United States Attorney alleges in his affidavit that evidence presented to the Grand Jury consisted of:

1. Official government documents, none of which was "wire-tap evidence", or derived therefrom.

2. Certain corporate records, none of which was "wire-tap evidence", or derived therefrom.

3. Testimony of witnesses who gave independent evidence unrelated to the local police gambling investigation and none of whom revealed or gave any "wire-tap evidence" or derived therefrom.

In short, the Government introduced no illegal evidence before the Grand Jury that returned this indictment. Moreover, Agent Kiernan in his affidavit states that when he was in the office of the District Attorney he never heard the conversation of the wire-tap, nor had he told Carney he had "heard plenty." He did observe electronic equipment and tax free liquor in the District Attorney's office, which was seized from a person named Sylvester Burke, and that this defendant denied any knowledge of it. Kiernan further alleges that he was associated with the investigation that led to Carney's indictment from its inception; that it endured approximately a year and a half, and that during the investigation no evidence was obtained directly or indirectly from the local wiretap.

The Court will first consider the defendant's request to dismiss the indictment on the ground that it was based on illegally obtained evidence.

In Carrado v. United States, 93 U.S. App.D.C. 183, 210 F.2d 712, at page 717, the Court held in part:

"A motion to quash an indictment for the absence or incompetency of evidence before the grand jury is addressed to the discretion of the trial court and its action thereon will not be reversed except upon a showing of abuse of discretion. Stewart v. United States, 8 Cir., 1924, 300 F. 769."

The Court further held in part:

"It is also true that an appellant who attacks an indictment returned in due form on the ground that it was returned without sufficient evidence, has the burden of clearly showing the absence of such evidence."

In the same case the Court stated in part:

"In United States v. American Medical Ass'n, D.C.D.C.1939, 26 F. Supp. 429, at pages 430–431, our late colleague, Judge James M. Proctor, then a district judge, wrote succinctly as follows:

" ' * * * There is no question of a court's power to go back of an indictment to inquire whether vitiating irregularities induced the finding. United States v. Gouled, supra [D.C., 253 F. 242]; Laska v. United States, 10 Cir., 82 F.2d 672; United States v. Oley, D.C., 21 F.Supp. 281. That is conceded by government counsel. But it is a power sparingly used; justified only where by proper verified pleading a clear and positive showing is made of gross and prejudicial irregularity influencing the grand jury in returning an indictment. Averments on information and belief have been uniformly held not enough."

■ The supporting affidavit on this motion was previously termed hearsay. The statements therein are founded upon information and belief. In substance it is alleged that the gambling investigation and subsequent arrests were mainly brought about by information gained through wire tapping and that from that investigation leads were furnished culminating in the existing indictment. These conclusions based on information and belief are not proper verified pleadings of a clear and positive showing of gross and prejudicial irregularity influencing the grand jury in returning an indictment.

The defendant relies heavily on Benanti v. United States, 355 U.S. 96, 78 S.Ct. 155, 2 L.Ed.2d 126. This case is clearly distinguishable. In the Benanti case it was held that information obtained and divulged by state agents obtained through wire tapping is inadmissible in Federal Court. As previously stated and it is supported by affidavits, the Government did not use wire-tap information in presenting its case before the grand jury, nor will any wire-tap evidence be used at the trial. In the affidavit of Agent Kiernan it is alleged that he never heard any of the wire-tap recordings. All evidence obtained was completely foreign to the wire-tap information.

The second point for examination is the defendant's request to suppress any and all evidence obtained directly or indirectly as a result of clues and leads furnished by the wire-tap.

■ It is well settled that a party moving for suppression of evidence must state definitely what particular messages he desires suppressed. An allegation to suppress all illegally obtained evidence is insufficient. This is especially true when the Assistant United States Attorney in his affidavit alleges that the Government does not have any evidence in its possession obtained directly or indirectly by the wire-tap. United States v. Frankfeld, D.C., 100 F.Supp. 934.

Motion denied. Settle order on notice.