## HENRY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 3, 1926. Rehearing Denied November 30, 1926.)

No. 2011.

**1. Criminal law ⬤⇒198.**

Acquittal on indictment for conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.) held not to constitute former acquittal, in view of Cr. Code, § 37 (Comp. St. § 10201), on indictment covering same period, but not alleging same overt act.

**2. Criminal law ⬤⇒196.**

In order to constitute "former acquittal," evidence necessary to support second indictment must have been sufficient to ground legal conviction under first.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Former Acquittal.]

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Ernest Henry was convicted of conspiracy to violate the National Prohibition Act, and brings error. Affirmed.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Henry was convicted of conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.), and was sentenced to a year and a day in jail and to pay a fine of $1,000. The assignments of error all relate to the disposition made of his plea of autrefois acquit, setting up an acquittal on October 29, 1925, under indictment No. 6401, in which, as he alleges, he was charged with the same offense as in the present case No. 6610.

The court below ruled as matter of law that, on this record, the plea was bad, declining to submit it to the jury as an issue of fact. The single question is whether this ruling was right.

The indictment in No. 6401 was put in evidence. It alleged a like conspiracy to violate the Prohibition Act, made on or about August 6, 1924, and continuing to the date of the indictment, which was in June, 1925, and therefore covered the date of the conspiracy charged in No. 6610, which was laid

as on or about December 10, 1924, and continuing to about February 15, 1925.

[1] Arranging in parallel columns, for the purpose of comparison, the persons charged in No. 6401, in which Henry was acquitted, and the persons charged in 6610, in which he was convicted, we have the following results:

| No. 6610—Indictees. | No. 6401—Indictees. |
| --- | --- |
| Weinstein, | Berger, |
| *Henry,* | Barlow, |
| Brown, | Gerscovitz, |
| Segal, | Stone, |
| Goldsmith, | Swartz, |
| Zetzel, | Shane, |
| Withrow, | Isenberg, |
| Bigler, | Dooblat, |
| and "divers other persons | Price, |
| to your grand jurors un- | Hoffenberg, |
| known." | Burnstein, |
| | *Henry,* |
| | and "divers other persons |
| | to your grand jurors un- |
| | known." |

It thus appears that all the persons named, except Henry, are different in the two indictments. But Henry contends that under the omnibus clause of "divers other persons," etc., evidence was offered which would have warranted the jury in finding that the two crimes were identical.

Assuming, but without deciding, that, so far as time and the personnel of the alleged conspirators are concerned, the question of former acquittal was for the jury, it remains to consider the overt acts alleged. The comparison between them is as follows:

| In No. 6610—Overt Acts. | In No. 6401—Overt Acts. |
| --- | --- |
| 1. On December 10, 1924, indictees form illegal association. | 1. July 15, 1924, some of indictees form Chelsea Benefit Association. |
| 2. December 10, 1924, conspirators designate *Henry* and Weinstein "as sole vendees from organization." | 2. December 5, 1924, one Zimble paid Gerscovitz his dues to association. |
| 3. January 10, 1925, *Henry* paid Weinstein $450. | 3. December 5, 1925, one Levitzy paid Gerscovitz his dues. |
| 4. December 19, 1924, Withrow transports certain liquor. | 4. January 2, 1925, *Henry* sells to Zimble intoxicating liquor and collects such a price. |
| 5. December 22, 1924, Withrow again transports certain liquor. | |
| 6. December 24, 1924, once more Withrow transports certain liquor. | |

It is conceded by learned counsel for the plaintiff in error that under section 37 of the Criminal Code (Comp. St. § 10201) at least one overt act must be charged and proved substantially as charged.

In 2 Zoline, Fed. Cr. Law & Prac. p. 308, the rule is stated:

"Mere conspiracy without an overt act done in pursuance of it is not criminally punishable under section 37, and it is well settled that an overt act must be alleged and proved."

[2] The test is whether the evidence necessary to support the second indictment would have been sufficient to ground a legal conviction under the first. Burton v. United States, 202 U. S. 344, 381, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392.

As no overt act alleged in No. 6401 was set up in No. 6610, it is plain that the two indictments were for legally different crimes.

The court below was therefore correct in instructing the jury that there was no evidence for their consideration under the plea of autrefois acquit.

The result is that the judgment below must be affirmed.

The judgment of the District Court is affirmed.