## SALTA v. UNITED STATES.
### No. 2485.

Circuit Court of Appeals, First Circuit.
Nov. 8, 1930.

Leo A. Rogers, of Boston, Mass., and John M. Stark, of Concord, N. H., for appellant.

Raymond U. Smith, U. S. Atty., of Woodsville, N. H.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

The defendant-appellant, on the 8th day of October, 1929, was indicted in three counts. The first count is not material to the questions raised.

In the second count it is charged that the defendant on the 9th day of August, 1929, at Laconia, in said district of New Hampshire, and within the jurisdiction of the court, without having received a permit from the Commissioner of Internal Revenue so to do, did then and there unlawfully sell to one Elmer Caverly a certain quantity of intoxicating liquor, to wit, one quart of alcohol, etc.

In the third count it is charged that the defendant on the 15th day of August, 1929, at Laconia, in said district of New Hampshire, and within the jurisdiction of the court, without having received a permit from the Commissioner of Internal Revenue so to do, did then and there unlawfully sell to one Elmer Caverly a certain quantity of intoxicating liquor, to wit, one and one-half pints of alcohol, etc.

The defendant filed a special plea in bar of his further prosecution on said indictment

on the ground that on the 3d day of September, 1929, he was indicted in the District Court of the United States for New Hampshire in three counts; that in the second count of said indictment it was charged that the defendant on the 9th day of August, 1921, at Laconia in the said district of New Hampshire, and within the jurisdiction of the court, without having received a permit from the Commissioner of Internal Revenue so to do, did then and there unlawfully sell to one Sherbie L. Blake a certain quantity of intoxicating liquor, to wit, one quart of alcohol, etc.; and that in the third count of said indictment it was charged that the defendant on the 15th day of August, 1929, at Laconia, in the said district of New Hampshire, and within the jurisdiction of the court, without having received a permit from the Commissioner of Internal Revenue so to do, did then and there unlawfully sell to one Sherbie L. Blake a certain quantity of intoxicating liquor, to wit, one and one-half pints of alcohol, etc.; that he pleaded not guilty to the indictment; that at the close of the government's evidence his motion for a directed verdict of not guilty was granted on the ground that the evidence did not support a sale to Sherbie L. Blake; and it was further alleged that the said James N. Salta is in fact the same James N. Salta who was indicted and acquitted as aforesaid, and that the sales of intoxicating liquor alleged of which he was acquitted, and the sales of intoxicating liquor for which he is now indicted, are the same crimes charged and the same matters and things charged and in issue in the indictment upon which he has been acquitted, and that to prosecute him on this indictment is to put him twice in jeopardy for the same offense and upon the same matters and things.

The United States filed a replication denying the allegations in the defendant's plea in bar, and alleged that the sales of intoxicating liquor for which the defendant is now indicted are not the same crimes charged nor the same matters and things charged and in issue in the indictment upon which the defendant was acquitted, in that the sales charged in the present indictment were made to Elmer Caverly and not to Sherbie L. Blake, as set forth in the other indictment.

The defendant filed a rejoinder, in which it alleged "that the sales charged in the present indictment and the sales charged in the first indictment were sales to Elmer Caverly as agent for Sherbie L. Blake, as will be shown by the evidence presented on both indictments, and constituted the offenses in both indictments the same."

The jury was impaneled and a trial was had on the 29th, 30th, 31st days of October, 1929; and on the last-named date the defendant made the following request for rulings on its plea in bar: (1) That the offenses charged in both indictments are identical; (2) that the defendant has already been acquitted of the offenses charged in the second indictment; and (3) that the defendant has already been placed in jeopardy upon the offenses charged in the second indictment.

These requests were denied, subject to exception. Their denial presents the questions assigned as error.

██ The offenses charged in the present indictment are not the same as those charged in the former and of which the defendant has been acquitted. The defendant could not have been convicted of an unlawful sale to Elmer Caverly on the former indictment; and he cannot be, and was not, convicted of an unlawful sale to Sherbie L. Blake on this one. It is apparent that evidence necessary to sustain the present indictment charging a sale to Caverly would not support the prior indictment charging a sale to Blake. As it appears that the offenses charged in the former indictment are not the same as those charged in the present one, and that the proof to sustain the latter would not be sufficient to sustain the former, the request for rulings were properly denied. Burton v. United States, 202 U. S. 344, at pages 380, 381, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Ferracane v. United States (C. C. A.) 29 F. (2d) 691, 692; Henry v. United States (C. C. A.) 15 F.(2d) 365.

██ Furthermore, the order of the court at the former trial directing a verdict for the defendant was based upon the ground, assigned in the defendant's motion, of a material variance in the proof, viz., that the allegation in the former indictment of a sale to Blake was material and must be proved as charged, and that the evidence only supported a sale to Caverly. This being so, the defendant cannot now in support of his plea of former acquittal maintain that the variance was not material. People v. Meakim, 61 Hun, 327, 15 N. Y. S. 917. See, also, Trono v. United States, 199 U. S. 521, 533, 534, 26 S. Ct. 21, 50 L. Ed. 292, 4 Ann. Cas. 773.

The judgment of the District Court is affirmed.