**UNITED STATES v. OLEY** (two cases).

No. 36966.

District Court, E. D. New York.

Dec. 1, 1937.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Albert Lyons, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Joseph G. M. Browne, of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge.

These are two motions. The first one is "for an order (1) granting to the defendants an inspection of the minutes of the grand jury which found the indictment herein against said defendants; (2) that plaintiff furnish defendants with a list of the names of the witnesses who testified before the grand jury, and also a list of the names of the witnesses the plaintiff will call upon the trial herein; (3) that plaintiff furnish the defendants with a bill of particulars."

The court has power in its sound discretion to grant a motion for the inspection of grand jury minutes. This discretion should be rarely exercised. A very good reason must be shown to obtain that relief. It must be affirmatively proven by the defendants that the only evidence presented to the grand jury was incompetent or illegal, or that the evidence was presented in violation of the constitutional rights of the defendants, or that the indictment was obtained as a result of corruption, fraud, or caprice. If any incompetent or illegal evidence were presented to the grand jury and there were other evidence to sustain the indictment, the indictment would be sufficient. United States v. Perlman (D.C.) 247 F. 158; United States v. Gouled (D.C.) 253 F. 242; United States v. Lydecker (D.C.) 275 F. 976; and United States v. Herzig (D.C.) 26 F.2d 487.

An affidavit has been submitted by the Assistant United States Attorney stating that this case was presented to the grand jury on February 11 and February 16, 1937,

and at that time the official stenographer of the grand jury was not present and there was no other stenographer present, and that accordingly there is no record of the testimony of the witnesses before the grand jury.

■ There is no provision in law requiring the United States Attorney to furnish the defendants with a list of the names of the witnesses who testified before the grand jury. Certainly, the government is under no obligation to disclose its evidence.

■ The husbands of the defendants were indicted in the Northern District of New York. Defendants are charged with harboring their husbands as fugitives from justice and with conspiring so to do.

It would, undoubtedly, be difficult to obtain a conviction charging wives with harboring their husbands, and while it might be regarded as inhuman and unnatural on the part of a wife to surrender her husband to the authorities and contrary to the instincts of human beings so to do, nevertheless, as a matter of law, wives can be convicted of illegally harboring their husbands as fugitives from justice.

■ The indictment sufficiently apprises the defendants of the crimes charged. The motion will be granted for a bill of particulars in so far as the United States Attorney has consented to it, that is, that the government will be directed to set forth "the divers other places where it is alleged the conspiracy took place," and between what dates such alleged harboring and concealment took place. It is not the scope of a bill of particulars to disclose the evidence, but merely to apprise the defendant of the crime charged so that he will not be met with surprise.

■. The second motion is for the following relief: "for an order directing the United States Attorney for the Eastern District of New York, and all other persons associated with him in the prosecution herein against the above named defendant, to return to said defendant Genevieve Oley all the personal property and papers and effects which were taken from the defendant and from her home, and for an order suppressing the use of any and all evidence obtained against the said defendant herein, and enjoining the plaintiff, the United States Attorney for the Eastern District of New York, and all other persons from using or attempting to use the same against the said defendant herein on the trial of the indictment herein, directly or indirectly, or in any other manner or proceedings."

This motion should not be decided upon affidavits alone, but upon the testimony of witnesses. This motion will be denied with leave to renew upon the trial.

Motions disposed of as indicated. Settle orders on notice.