**JOHNSON et al. v. UNITED STATES.**

**No. 9994.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 23, 1941.

Clint W. Hager, of Atlanta, Ga., for appellants.

Lawrence S. Camp, U. S. Atty., Harvey H. Tysinger and Raymond W. Martin, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Indicted and convicted with others on a one count indictment charging conspiracy to violate several of the Internal Revenue Laws of the United States, appellants are here seeking a reversal. No errors are assigned on the charge, and except for the claim of former jeopardy advanced by Johnson, the claimed errors are common to both defendants. These are: (1) that the indictment was subject to a general demurrer; (2) that the court by ordering certain language stricken from the indictment, mutilated and destroyed it; (3) that certain evidence was erroneously admitted over objection; and (4) that a verdict should have been directed for failure of proof.

■■ Appellants' attacks upon the indictment, as insufficient to charge a conspiracy and upon the evidence as insufficient to sustain the charge, are most general. They come, as to the indictment, to no more than this: that the scheme to violate the revenue laws by possessing stills, manufacturing and selling liquor, is too generally

alleged; and as to the evidence that while showing that some persons were guilty of offenses against the laws, it was too general and indefinite to establish a conspiracy as against the defendants. A careful examination of the indictment, a careful reading of the evidence, completely refutes these contentions. The indictment is adequate to charge, indeed unexceptionable in charging, a conspiracy. The evidence establishes a conspiracy as charged and connects the defendants with it. These assignments are overruled.

■■ The claimed errors in the admission of evidence are little better based. If there was abstract error in any of the rulings, and we do not think there was, for all of the evidence objected to was relevant to, and tended to establish, the existence of and acts under, the conspiracy, such error could not have been prejudicial. As we have often said, abstract inerrancy is not required or expected of a trial judge in the federal court. It is sufficient if the trial is so conducted as that the substantial rights of the defendants are respected and preserved. The admission of the testimony complained of did not deprive, it could not have deprived either defendant of any substantial right. Its admission was not reversible error.

■ There remain for consideration, the point common to both appellants, that the indictment was destroyed by the action of the court in ordering portions of it stricken, and Johnson's point of former jeopardy. On the common point, appellants lean heavily on Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849. We have had recent occasion[1] to consider and determine adversely, a similar contention made by appellants' counsel, based on that case. Appellants' counsel insisting that we there erred, and advising that he is seeking, by writ of certiorari, to correct the error, urges upon us that this is a different case on its facts, in that in the Ralston case, the words were stricken upon the request of the defendant that they be stricken, whereas in the case at bar, no request to strike them was made, their presence in the indictment was urged as a ground for sustaining the demurrer to the indictment as a whole, and the court, of its own motion, struck the words. The United States, on its part, pointing to the several numbered paragraphs of the demurrer, to the order of

---

[1] W. Leamon Ralston v. Charles H. Cox, 5 Cir., 123 F.2d 196.

the court overruling some and sustaining others of them, and to the fact that the paragraphs sustained were attacks not upon the indictment as a whole, but upon particular overt acts, to-wit, overt acts numbered 5, 8, 10, 13, and 15, insists that this case on its facts, is completely within both the holding and the reasons given, in the Ralston case, for distinguishing it from the Bain case. It further insists that whatever might have been the effect of the order as originally entered, this effect was entirely done away with by the order of the court modifying its previous order.[2] We are in complete agreement with these views. As we took pains to point out in the Ralston case, the Bain case is and has been, except where its teachings have been misunderstood, authority only for the peculiar state of facts presented there. It is not authority for the holding that an order of the court, however phrased, designed to withdraw from the attention of the jury, matter in the indictment which the defendant claims is prejudicial to him, could have the effect of destroying or in any way invalidating an indictment. It is therefore, wholly without significance, we think, that the order as originally drawn ordered the language "stricken" from the indictment, instead of as later drawn, "withdrawn from the consideration of the jury." But if we are mistaken in this, the court certainly had the power to modify the order to make it speak truly.

On his own behalf, Johnson vigorously urges upon us, his point of former jeopardy. This is, that indicted on April 4, 1938, under a general conspiracy indictment laid as beginning on the 13th day of July, and ending on the 9th day of August, 1937, and acquitted by nol pros as to him on April 8, 1941, after the trial had commenced, he was placed in jeopardy, and that the indictment under which he was tried and convicted, is in the same general terms and covers a period beginning March 1, 1938, and continuing to April 8, 1941, the date of the indictment. The United States insists that on its face the plea was bad because the defendants and the overt acts in the two indictments were completely different. There is authority for this view,[3] and there is authority to the contrary.[4] We need not choose between them, for if we agree with appellant that on its face his plea of jeopardy was good, and that if it had been denied as matter of law, without furnishing him an opportunity to try the issue of fact whether the conspiracy charged in the two indictments was the same, the case would have to be reversed,[5] this would not avail him. For his plea was not denied

---

[2] Order Modifying Previous Order on Demurrer. "It appearing to the Court that in the entry of the order of May 29, 1941, the Court misconstrued or misunderstood the demurrer of the defendant in seeking to remove any prejudicial matter, or the matter that might prejudice the defendants. The Court, while using the language 'strike from the indictment', really intended to express an intention to withdraw from the consideration of the jury certain alleged overt acts which are not true overt acts upon the trial of the case.

"Upon further consideration of the matter it appears the demurrer to the indictment did not go to the overt acts in and of themselves, but went to the sufficiency or insufficiency of the indictment, because having contained them, the alleged prejudicial matter which the Court by its former order withdrew from the consideration of the jury and ordered stricken. It appears to the Court that the Court had no power or authority to enter such order striking part of the indictment, and the Court will vacate and set aside the order of May 29, 1941, except that portion which overruled the general grounds of the demurrer, or the demurrer to the indictment as a whole, the same being paragraphs one, two, three, and four, and the prayer of the demurrer that the indictment be quashed is denied. This order is being entered in order that there may be no question, without any intimation that certain overt acts in an indictment could be stricken or withdrawn from consideration of the jury, that an order entered through misunderstanding and mistake of the contentions of the defendants as presented by the demurrer heretofore filed, and heretofore passed upon, may be corrected.

"This order is entered before the case is finally submitted to the jury, and the defendants will be afforded an opportunity to introduce any additional evidence they might desire."

[3] Henry v. United States, 1 Cir., 15 F. 2d 365; Ferracane v. United States, 7 Cir., 29 F.2d 691.

[4] Short v. United States, 4 Cir., 91 F. 2d 614, 112 A.L.R. 969.

[5] Powe v. United States, 5 Cir., 11 F. 2d 598; Burton v. United States, 202 U. S. 380, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709.

as matter of law. It was held in the court below that his plea tendered an issue of fact and he was given an opportunity to make it good by offering proof that the conspiracy charged in the indictment was the same as that on which he had been first tried. He declined to do this and upon his so declining, the plea was properly overruled. But more than that, the evidence on the trial showed that the conspiracy of which he was convicted, was an entirely different conspiracy as to persons and events from the one as to which jeopardy had attached.

We find no error in the judgment. It is affirmed.

Affirmed.