UNITED STATES v. NEW YORK GREAT ATLANTIC & PACIFIC TEA CO., Inc., et al.

Cr. 10512.

District Court, N. D. Texas, Dallas Division.

Dec. 11, 1943.

Caruthers Ewing, of New York City, and John N. Touchstone and George S. Wright, both of Dallas, Tex., for the motions.

Horace L. Flurry, Sp. Asst. to Atty. Gen., and Earl A. Jinkinson, both of Dallas, Tex., for the United States.

ATWELL, District Judge.

On November 25, 1942, the indictment was returned. It contains thirty-four pages and has two counts.

On February 13, 1943, demurrers and dilatory pleas were presented.

After argument and consideration, I rendered an oral opinion which sustained certain objections and dismissed the bill.

The Circuit Court of Appeals, in 137 F. 2d 459, 462, by a divided court, reversed that action as to all defendants except Business Organizations and Carl Byoir, and the Supreme Court, 64 S.Ct. 191, refusing to review, the cause is before me on motions to strike and to particularize, filed since the mandate was received on November 26, 1943.

In the Circuit Court majority opinion it is stated that, "We agree with the district judge * * * that there are many allegations in the indictment which are irrelevant and unnecessary to the charging of the offense and which, if not designed to be, are in fact inflammatory and prejudicial, and that the defendants are entitled to relief against them. We think it clear, however, that the necessary relief from their effect may be accorded without dismissing the indictment and requiring a reindictment and that it was error for the court to quash the indictment and dismiss it for this ground."

The court then continued, "While, therefore, defendants are entitled to be relieved against and protected from all the allegations of the indictment, which, going beyond the legitimate office of pleading to bring forward relevant background, are inflammatory and prejudicial, they are not entitled, because of inflammatory allegations, to the relief of dismissal of the indictment, or to have excluded, from the jury facts as to the group setup, which are relevant to and have bearing upon the conspiracy charged." Citing Ralston v. Cox, 5 Cir., 123 F.2d 196; Johnson v. United States, 5 Cir., 124 F.2d 101.

This court is bounden to accept the majority opinion as the law of this case.

So the question arises as to what is to be deleted.

Such an action is entirely different from the sustaining of an exception to the presence of a defendant, or, to the insufficiency of an entire count, or, to the ordering of a verdict of not guilty for someone charged. Here the court must run the risk of seeking to perform a major operation on an indictment which has been returned by a grand jury, and without which inflammatory and prejudicial matter it might never have been returned. The indictment is what the grand jury found to be a violation of the law, when this court and the Circuit Court of Appeals has determined that there are many statements in the indictment which are not at all in violation, and are highly prejudicial and inflammatory. Garrett v. United States, 5 Cir., 17 F.2d 479; Stewart v. District Court, 9 Cir., 16 F.2d 863.

In the opinion which went up for review, there were eleven pages of inflammatory and prejudicial matter set out. The majority opinion approves some allegations, apparently, which relate to size, and which give statistics as to other organizations in the same field. These allegations contrast chain-operated and independent stores, both as to number and earnings. The words of the indictment in these respects should really be given in order that the student can appreciate their enormity.

■ The statute is brief, concise, and easily understood. It only penalizes and makes unlawful every contract or conspiracy in restraint of trade. The maker of the contract, his stature, and, even ability to carry forward his conspiracy, are thought to be immaterial.

That which is immaterial, when calculated to work upon the minds of the triers of the facts to the extent that they sit as guardians of the small and struggling, rather than as the punishers of the one who has been unlawful, is an appealing and tempting territory which ought not to be opened for the wandering of the fact judges. That which is in the indictment can be argued before the jury. Evidence can be offered to show that the defendants, prior to 1940, limited their sales to a billion dollars annually, but in December 1940 that policy was abandoned.

On the other hand, a stricken allegation may have been regular, yet the prosecution has no remedy, because, the trial goes forward on the reformed indictment. An error in reforming may be advantaged by the defendants but not by the prosecution.

■ With those general observations to caution, guide and assist, let us study these motions.

Sub-division (a) is to eliminate irrelevant, inflammatory and prejudicial allegations; (b) for particulars as to certain allegations; (c) for particulars as to impounded documents.

The first appeal is granted as to all of sub-division 10 of paragraph 4, as shown on page 9, of the indictment, except the first sentence, which is as follows: "In 1939 there were about 387,337 grocery and combination stores, including super-markets, in the United States with sales of $7,721,-753,000.00, or about 70% of the food sales of all food stores in the United States."

As to sub-division 14 of paragraph 4, sentence (a) on page 10, is stricken. Also that portion of (g) beginning with the word, "reclamation," and ending with the word, "stores," in the sentence next preceding the last sentence of that division.

In paragraph 4, sub-division 16, page 14, all is deleted except the first sentence, to-wit: "In 1914 A. & P. operated 585 stores and had sales of $31,000,000.00; in 1930 there were 15,737 stores with sales of $1,-065,807,000.00."

The last sentence in sub-division 19 of paragraph 4, page 18, "While there are inherent stock losses in all retail food stores, there have been stock gains in A. & P. stores of millions of dollars annually," is deleted.

That portion of sub-division 23 of paragraph 4, immediately preceding sub-division 24 of paragraph 4, reading, "By the systematic practice of secretly enhancing their actual prices above their advertised prices through short-changing, short-weighing and marking up prices on store tags and purchases," is stricken.

Under sub-division 23 of paragraph 4, that part on page 23 labeled (g), and reading, "By demanding discounts and allowances for so-called floor space rentals, store sales service, feature payments, label and container allowances, sign space rentals, and mass displays, for pretended services rendered to suppliers, but in reality performed in the ordinary course of selling the defendants' own merchandise at retail, and so-called special newspaper supplement space sales and special circular supplement

sales in which defendants advertise only their own merchandise for sale," is stricken.

That sentence designated (2) on page 32 of sub-division 29, paragraph 4, reading, "By organizing, financing and preparing publicity and propaganda for false front farmer, consumer and housewife organizations, civic clubs and other organizations, and using the statements of such organizations in support of such false comparisons and reports as to prices, values and services offered by defendants and their competitors;" is stricken.

All other grounds of sub-division (a) of said motions, are overruled.

By a careful study of sub-division (b) of the motion, we find some repetitions of complaints that were made under sub-division (a) as to inflammatory and prejudicial allegations. Most of the requests are sensible and well taken. Upon their face one discovers the necessity for more information, and when one is aided by the affidavit of one of the defendants, which is attached to the motion, that necessity is even more apparent.

All of the requests for such information contained in such motion are granted, save and except the following:

The first request as to the meaning of "horizontal and vertical integration of their functions and business," is overruled.

Request No. 3, as to the selection of local areas, is overruled.

The allegations at which these requests are directed are so patently self-revealing that it is unnecessary to further specify.

Requests c, d, e, f, and j, under Sec. 17 of this motion, are overruled.

The request made under paragraph 18 of the motion is overruled, as well as the request made under paragraph 19. The first, because it would serve no useful purpose, and the second, because that allegation has already been stricken.

The request under paragraph 21 of the motion is also overruled, because that has already been stricken.

■ The request under paragraph 22 of the same motion, is overruled, since that is a mere pleading conclusion which is allowed under the license permitted by the authorities.

■ Sub-division (c) of the motion relates to the impounded exhibits. At oral argument, and otherwise, the number of such exhibits has been announced as, 30,000, or, 40,000, or, 50,000. Prosecution investigators were permitted to go through the files of the defendants and to take from such files such papers as those officers thought were of benefit to the government's cause. A stipulation has been entered into by the prosecution and the defendants' attorneys, approved by the court, for the listing and photostating of the same. But, as yet, there is no apprising of the defendants of the ones that the prosecution may use at the trial. It would be manifestly an injustice to force the defendants into trial to meet an issue that might be raised upon some of such exhibits without giving them an opportunity to prepare for an explanation, or an exhibition, of the facts surrounding the making and giving of such paper. The paper upon its face, might indicate a fact that could be explained to be innocent, while its appearance might indicate guilt. Opportunity for a fairly good understanding of what papers are to be used, should be given, and that motion is sustained in its entirety.

Again, in order to make our courts somewhat businesslike in the transaction of highly important duties, it has been necessary to formulate rules which are thought to do away with useless consumption of time and expense in the preparation for trial and in the trial itself. A careful, thoughtful inspection of the impounded papers, which were taken from the defendants, should result in the use of only a very few of them. Stipulations may be entered into, agreements may result, and in other ways the actual trial time may be saved and shortened.

In the relief granted under sub-division (b) of these motions, some information will be furnished which may assist us in giving further consideration to the question of venue, which was troublesome. The bill alleges that all of the defendants reside outside of the Northern District of Texas, save and except one store superintendent, and that to effect the object of the conspiracy meat was sold in that local store, etc., on a date sufficiently recent to save the offense from the statute of limitation.

■ Deep concern is caused by the meagerness of such jurisdictional allegations and formed the basis of a learned dissenting opinion in the Circuit Court of Appeals. The relief mentioned will give the date of

684

the alleged entry of each defendant into the alleged conspiracy, and in other ways be beneficial.

All of the defendants, save the mentioned subordinate, live in New York, or, in that neighborhood, equally remote from the place of trial, hence such information and such economy in expense and time as may be properly indulged, should be indulged.

It should be remembered that the bill contains but two counts, yet has thirty-four pages. The motions directed against it contain twenty-one pages, the accompanying affidavit contains twenty-three pages, and the answer of the government to the motions is correspondingly prolix. This indicates the work that has been performed by the prosecution, the preliminary work that has been done by the defendants, and the territory that may be covered at the trial.

Orders carrying into effect what is said here, may be prepared for signature.