## UNITED STATES v. NEW YORK GREAT ATLANTIC & PACIFIC TEA CO., Inc., et al.

### Criminal No. 10512.

District Court, N. D. Texas, Dallas Division.

March 7, 1944.

Caruthers Ewing, Jr., of Memphis, Tenn., and George S. Wright and John N. Touchstone, both of Dallas, Tex., for the motion.

ATWELL, District Judge.

On November 25, 1942, an indictment in two counts and containing thirty-four pag-. es, against seventeen persons and thirteen corporations, was returned into this court.

On February 13, 1943, demurrers and dilatory pleas were presented. Certain of those objections were sustained and the bill dismissed.

The Circuit Court of Appeals, 137 F.2d 459, by a divided court, reversed that action as to all except two of the defendants, and the Supreme court refusing to review, the cause was next before me on motions to strike and to particularize, the mandate having been received on November 26, 1943.

The majority opinion of the Circuit Court of Appeals affirmed the view of this court with reference to the fact that inflammatory and prejudicial allegations were contained in the indictment and that the defendants were entitled to relief against the same and to a bill of particulars, but that such relief could be accorded without dismissing the indictment.

In accordance with that direction, the court, on December 11, 1943, so acted. D. C., 52 F.Supp. 681. Agreeably, January 15, 1944, was fixed as the time within which to file bills of particulars and the designation of documents to be used in the trial.

On January 7, 1944, the government attorneys reported that they had been engaged in such preparation but that it would require more time, and an order was signed, granting them until February 15th. On that date they asked for a further extension, and an order was granted giving them until February 25th.

The defendants had waived a jury and the cause was set definitely for a trial for May 22, 1944.

On February 26, 1944, the United States attorney, joined by two Special Assistants to the Attorney General, filed in the office of the clerk of this court, a nolle prosequi, the last paragraph of which contained this statement,

"Wherefore, it is directed that a nolle prosequi, without prejudice, be entered * * *."

On March 1, 1944, the defendants filed their motion in opposition to such dismissal without prejudice, and asked that the dismissal be with prejudice.

On March 3, 1944, the defendants filed an amendment, asking the court to enter an order preventing any further prosecution.

That motion was set for today at 11.00 o'clock, so that they might be heard before the order on the nolle prosequi was signed.

█ An inspection of the nolle prosequi discloses that it is addressed to no one, the style of the cause is given and the caption shows that it is in the District Court of the United States for the Dallas division of the northern district of Texas. The line of the prayer thereof, quoted above, shows that it is "directed that a nolle prosequi, without prejudice, be entered." It may be assumed that that office can only be performed by the court. The court is in charge of the dockets, and there is no other authority to make such an entry. However, it cannot be said that the formal entry by the government that it closes the prosecution was, or is, left to the discretion of the court. It is the action of the prosecuting officers and does not have the sanction, or approval, of the court, nor is it necessary that such approval be given. They seem to be content to ask for a "without prejudice" entry.

The move is not a novel one. The books disclose such a right by the plaintiffs in civil as well as in criminal proceedings. In a criminal proceeding, the prosecuting officer usually seeks the permission of the court, in order that the prosecuting officer may be protected from criticism by the judgment of the court that the movement is righteous and just.

One of the interesting cases, recently decided, and which collates rather correctly pertinent decisions, is by Judge Underwood of the Southern District of Ohio, in United States v. Krakowitz, 52 F.Supp. 774, which arose out of a controversy between some of the officers of the Department of Justice and others who were interested.

 That the defendants have been put to considerable trouble and expense in the employment of counsel, and otherwise looking after their own interests and getting ready for trial, seems to be no reason why the prosecution may not terminate the proceedings in the manner chosen here. Even in a civil case, unless there is a cross-action, that procedure may be followed, before answer, but after answer on such conditions as the court imposes. Rule 41, Civil Procedure, 28 U.S.C.A. following section 723c. See also Rule 44, Tentative Criminal Rules.

█ Nor is the fact that an information has been filed in another state, which lists the same defendants, save the two dismissed, and which makes the same allegations, a reason why this dismissal should be with prejudice. That is a matter that may be presented to the other court. It is also a matter that may interest the people at large.

An order will be signed, dismissing the indictment, on the nolle prosequi, neither with prejudice nor without prejudice, with an exception for both the plaintiff and the defendants.