**UNITED STATES v. BYOIR.**

No. 10512.

District Court, N. D. Texas, Dallas Division.

Jan. 4, 1945.

John N. Touchstone, of Dallas, Tex., for the motion.

Horace L. Flurry and Earl A. Jinkinson, Sp. Assts. to the Atty. Gen., and Clyde O. Eastus, U. S. Atty., of Dallas, Tex., opposed.

ATWELL, District Judge.

This case is docketed as United States v. New York Great Atlantic & Pacific Tea Company. It is an indictment in two counts, containing thirty-four pages, against seventeen persons and thirteen corporations. It was the work of a special grand jury impanelled in September of 1942, at the request of representatives of the Department of Justice. Something of its history may be discovered in United States v. New York Great Atlantic & Pacific Tea Co., 5 Cir., 137 F.2d 459; Id., D.C., 52 F.Supp. 681; and Id., D.C., 54 F.Supp. 257. The last opinion relates to a nolle prosequi, wherein it was prayed that such an order be entered, "without prejudice." The defendants, having gained what they considered substantial positions in both this court and the Circuit Court of Appeals, protested that the order should not be entered without prejudice. The court concluded that it would be inappropriate to enter the order either with or without prejudice and left that matter with any other court that might be called upon to pass upon the case later on, it having been made known that, simultaneously with the filing of the nolle prosequi request, an information had been filed in a district court in Illinois against the same defendants on substantially the same allegations.

In 137 F.2d 459, 465, the Circuit Court of Appeals had said: "The indictment is fatally defective as to Business Organization, Inc., and Carl Byoir, whose alleged complicity seems to have no other factual predicate in the indictment than that they were public relations counsel for one of the corporate defendants."

That court also agreed with this court that there were certain allegations in the indictment that were inflammatory, prejudicial, and improper, and could be stricken by the trial court. Likewise, that a bill of particulars would afford the defendants re-

lief with respect to certain information that the indictment did not furnish, so that they could prepare for trial.

Motions in accordance with those directions were made by the defendants and acted upon by the court, and the government representatives sought various postponements to give them time to comply.

It was important, apparently, to both sides, that the case should be gotten in shape for trial upon a certain date that had been agreed upon.

In that atmosphere of apparent good faith and preparation, the nolle prosequi emerged. It is for the preservation of the rights and protection that had been secured that the ·defendant, Carl Byoir, appeals to have released from the veil of secrecy, certain testimony that was taken before the grand jury.

The history that is disclosed in the foregoing statement reveals that all of the defendants, save one, reside in remote jurisdictions, to-wit, in New York and New Jersey. That the new information has been filed in Illinois. Movant Byoir is a resident of New York. He has been arrested and he is fighting removal.

His motion is rather lengthy, covering nine pages, and seems to contain an accurate recital of the facts that transpired. To it is attached a copy of the affidavit that Horace L. Flurry, one of the Special Assistants to the Attorney General, made to the information, that was presented to the judge in Illinois, who consented that the information might be filed. That affidavit fails to disclose to that court the dismissal of Carl Byoir. It also fails to disclose many of the other steps that were taken in this court, and much of the decision of the Circuit Court of Appeals, though it does cite that decision.

His affidavit also shows that he breached the rule with reference to the secrecy of the grand jury proceedings by swearing that, "The foregoing information is based upon facts revealed by the hereinbefore described grand jury proceedings and documents and testimony presented before said grand jury, facts developed in the course of deponent's investigation and deponent's personal observation * * *." He also swears that "his knowledge of such facts as were before the grand jury, including oral testimony and documentary evidence consisting of said documents from defendant's files * * * and in part documents from files of others which were duly authenticated by witnesses, all of which are now in the possession of deponent." He also states that, "The indictment was substantially the same as said information."

The government opposes said motion on the ground that the court has no jurisdiction, that the proceedings of the grand jury are secret, that a removal investigation is only for the purpose of discovering probable cause.

The briefs and oral arguments show that the information filed in the eastern district of Illinois is, with the exception of paragraph 22, a duplication, word for word, of the indictment which was dismissed by this court. Business Organization, Inc., is nothing but a public relations counsel and movant is its executive officer.

The government ·contends that the court lacks jurisdiction to grant this relief, since a nolle prosequi was entered as to what remained.

The position is so novel that it is hardly necessary to do more than state it. The same jurisdiction that was sought in the beginning continues to exist insofar as the integrity and preservation of the minutia and minutes and proceedings of those steps are concerned. What was done here is evidence and may be advantaged by either ·party, having in mind, of course, the question of the secrecy of the grand jury proceedings. And the only jurisdiction over such matters is in this court.

The blanket· of secrecy is not so imprisoning as to, defeat justice. Nor does it lift itself for one side and then reassert its exclusiveness as against efforts of the other side to determine whether the use by one side is accurate. In other words, the government having disclosed a part may not now deny the defendant the right to determine whether that part so disclosed has been accurately disclosed, or whether its disclosure is partial and unfair.

The position taken by the government is that the rule of probable cause may be satisfied by the presentment of part of a fact, and that a defendant resisting removal should not be allowed to disclose all of that fact.

The matter before the removing New York court does not affect the integri-

ty of the proceedings of the grand jury which found the indictment. It is the right of the removing court, in the light of the disclosed facts with reference to the case in Illinois, to hear evidence touching the accurateness of the verifying affidavit to the information insofar as that affidavit attempts to disclose the proceedings of the Texas grand jury. The citing of cases is unnecessary. The veil of secrecy may be torn asunder in the interest of justice, and such lifting is within the jurisdiction of the court empanelling the grand jury, and also within its sound discretion.

Then, too, we must bear in mind that the wisdom of the judicial rule which satisfies "probable cause," upon the presentment of an indictment, jurisdiction and identity being found, does not include information. In fact, many of the courts will not remove until and unless an indictment is first returned.

Simply, therefore, the question in the present motion presents little, if any, ground for hesitancy. The grand jury proceedings have ceased. The reason for secrecy has disappeared. The secrecy which originally existed has been disregarded by one side. Such records as were made in this court during the pendency of that proceeding is available in evidence in any other court if and when that court concludes that it desires to hear such evidence. Whether the removing court in the instant case is so interested, is for that court's determination.

An order may be drawn allowing the United States Attorney to furnish to the defendant a copy of the testimony which was taken by the sworn court reporter before the grand jury, or allowing the United States Attorney to furnish to the defendant a copy of such testimony, if any there is, relating to the defendant's alleged participation in the offense. And in either case, the sworn reporter's minutes or exhibits that were introduced in those proceedings. The order in either instance will include the authority to require the court reporter to read from his notes to the defendant such testimony and such exhibits, or to the removing judge, upon being subpoenaed to that judge's court. It being the desire of the court to facilitate the securing of this information at the least possible expense to both sides.