**HUNNICUTT v. UNITED STATES.**

**No. 11271.**

Circuit Court of Appeals, Fifth Circuit.

June 29, 1945.

Rehearing Denied July 30, 1945.

A. C. Wheeler, of Gainesville, Ga., for appellant.

Joel B. Mallet, Litigation Atty., Office of Price Administration, M. Neil Andrews, U. S. Atty., and Jas T. Manning, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant was convicted and sentenced in the court below of the crime of conspiracy, under an indictment which charged that: "* * * commencing on or about January 1, 1944, and continuing down to the date of this indictment, within the District and Division aforesaid and at divers other places to the Grand Jurors unknown, Bill Hunnicutt, * * * and Clyde Ramey, * * * named and charged herein as defendants, did in violation of Title 18, Section 88, United States Code Annotated (Criminal Code Section 37), * * * conspire, combine, confederate and agree between themselves and with Claude Guest,

named as co-conspirator herein, but not as defendant, and with a person or persons to the Grand Jurors unknown, to violate Title 3, Section 2(a) of the Second War Powers Act and Sugar Rationing Order No. 3 and General Ration Order No. 8, issued by the Administrator, Office of Price Administration * * *."

Twenty-two overt acts in furtherance of the conspiracy were set forth.

Before entering his plea to the merits, appellant filed a special plea of former jeopardy, contending that he had theretofore been sentenced following a plea of nolo contendere to an indictment in the District Court of the United States for the Western District of North Carolina, charging a conspiracy to violate the laws of the United States, which was the same offense set out in the present indictment; that the conspiracy charged in the indictment in the Western District of North Carolina covered the same period of time, in part; and that proof of the facts alleged in the present indictment were admissible and could have been introduced in the District Court of the United States for the Western District of North Carolina on the trial on the indictment filed there. The government moved to strike the special plea. This motion was overruled, and a jury was impaneled to try the issue. At the close of the evidence the court directed a verdict against the plea, holding that, as a matter of law, the defendant had failed to show identity of the offenses. Thereupon a requested continuance was denied, and the case proceeded to trial. The jury found appellant guilty of conspiracy with Claude Guest as coconspirator, and he prosecutes this appeal. Here he urges that the trial court erred (1) in directing a verdict against the plea of former jeopardy, and (2) in overruling his motion for a directed verdict at the conclusion of the testimony.

▌ The Georgia indictment showed that it covered a period of time in part covered by the North Carolina indictment, and that in each indictment the conspiracy had to do with violating Sugar Rationing Order No. 3, promulgated pursuant to Title 3, Section 2 (a) of the Second War Powers Act, 50 U.S.C.A. Appendix § 633, by unlawfully obtaining sugar by the use of counterfeit sugar ration stamps. The North Carolina indictment charged that a conspiracy took place within the Western District of North Carolina between the appellant and persons named and persons

unknown, and the overt acts set forth in the indictment were allegedly committed within the same district. The Georgia indictment charged that a conspiracy took place within the Northern District of Georgia and at divers places unknown to the grand jurors between the appellant and persons named and persons unknown, and the overt acts set out in the indictment were alleged to have been committed in the Northern District of Georgia. The evidence heard by the court in the Western District of North Carolina was not recorded. However, appellant on the trial of the special plea was permitted to testify as to the nature of that evidence. He stated that the testimony before the United States District Court for the Western District of North Carolina had to do with transactions that took place in North Carolina; that the testimony there showed that he delivered counterfeit sugar ration stamps in North Carolina to one David F. Underwood, who used them in unlawfully acquiring sugar within the Western District of North Carolina; and that thereafter he, appellant, disposed of the same. He was questioned specifically with reference to the overt acts charged in the Georgia indictment, and stated that none of these acts were before the court in the North Carolina case. He further stated that none of the coconspirators named in the Georgia indictment were involved in the testimony heard by the court in North Carolina. It would seem clear, therefore, from appellant's testimony that the conspiracy charged in the Georgia indictment was not a continuation of the North Carolina conspiracy, but the two were separate conspiracies; and that, while the law which he conspired to violate was the same in each and the medium through which the violations were accomplished was the same, the parties to the two conspiracies were different, and the overt acts committed to carry out the unlawful agreement had in North Carolina were entirely distinct, separate, and apart from the overt acts committed in furtherance of the unlawful agreement had in Georgia. Such being the case, the overt acts alleged to have been committed in the Northern District of Georgia in furtherance of the conspiracy set forth in the indictment in the case before us would not have been admissible under the indictment in the North Carolina case.

▌ The offense of conspiracy is made up of the unlawful agreement and the overt

act to further it, and it is not complete without the overt act. "The conspiracy * * * cannot alone constitute the offense. It needs the addition of the overt act. Such act is something more, therefore, than evidence of the conspiracy. It constitutes the execution * * * of the conspiracy, and all incur guilt by it * * *." Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 799, 56 L.Ed. 1114, Ann.Cas. 1914A, 614. The court below committed no error in directing the jury to return a verdict against the plea. Cf. Wilson v. United States, 2 Cir., 190 F. 427; Johnson v. United States, 5 Cir., 124 F.2d 101; Henry v. United States, 1 Cir., 15 F.2d 365; Ferracane v. United States, 7 Cir., 29 F.2d 691; Marcante v. United States, 10 Cir., 49 F.2d 156.

The evidence on the trial on the merits revealed that appellant had in his possession a large number of counterfeit sugar ration stamps, and that these stamps were turned over by him to his coconspirator, Claude Guest, who used them in the illegal purchase of a large amount of sugar. In view of this testimony the court below properly overruled appellant's motion for a directed verdict of acquittal.

The judgment appealed from is affirmed.