**UNITED STATES v. WHITE.**

Cr. 418–51.

United States District Court
D. New Jersey.

April 4, 1952.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., by Martin D. Moroney, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Edward Gaulkin, Newark, N. J., for defendant.

MODARELLI, District Judge.

Defendant was indicted for perjury under Title 18 U.S.C. § 1621, on the ground that in testifying before the grand jury on November 20, 1951, she did "* * * knowingly and willfully and contrary to * * * oath, state material matter which she did not believe to be true * * *."

Defendant alleges that her testimony as quoted in the indictment upon which this action is based is taken out of context, and if read with her entire testimony will show that there was no contradiction between her oath and her belief.

Defense moves for an order either requiring the United States Attorney to furnish a copy of all her testimony before the grand jury, or permitting counsel to examine and make a copy of that testimony before trial.

Under Rule 6(e) of the Federal Rules of Criminal Procedure, 18 U.S.C., a disclosure of grand jury proceedings may be made "only when so directed by the court preliminarily to or in connection with a judicial proceeding or * * * upon a showing that grounds may exist for a motion to dismiss the indictment because of

matters occurring before the grand jury." The language confers discretion. U.S. v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150 at 233, 60 S.Ct. 811, 84 L.Ed. 1129; U. S. v. Texeira, 2 Cir., 1947, 162 F.2d 169; Schmidt v. U. S., 6 Cir., 1940, 115 F.2d 394, 397; and U. S. v. Byoir, D.C., Tex.1945, 58 F.Supp. 273.

■ Grand jury proceedings are traditionally secret. The veil has not been lightly lifted. A presumption exists that the grand jury proceedings were regular, U. S. v. Proctor & Gamble Co., D.C.Mass., 1942, 47 F.Supp. 676, and inspection has been denied in absence of a strong and positive showing that the indictment was founded solely upon incompetent or illegal evidence, U. S. v. Lydecker, D.C.W.D.N.Y.1921, 275 F. 976, 978, U. S. v. Silverthorne, D.C.W. D.N.Y.1920, 265 F. 853, or presented in violation of constitutional rights, U. S. v. Oley, D.C.E.D.N.Y.1937, 21 F.Supp. 281, or the result of fraud, corruption, or caprice. U. S. v. Gouled, D.C.S.D.N.Y.1918, 253 F. 242.

This court in U. S. v. National Wholesale Druggists Ass'n, D.C.N.J.1945, 61 F. Supp. 590, summed the still accepted view:

"While it is apparent that the Court has the power to grant a motion for inspection of the Grand Jury minutes, that power will be exercised only in cases of extreme compulsion. Where there is no allegation of an improperly constituted body, nor of fraud, misconduct or corruption and no positive allegation that there was no evidence of any sort before the Grand Jury, such power will not be exercised." 61 F. Supp. at page 593.

As stated in U. S. v. Byoir, supra, "the. blanket of secrecy is not so imprisoning as to defeat justice. Nor does it lift itself for one side and then reassert its exclusiveness as against efforts of the other side to determine whether the use by one side is accurate. In other words, * * * whether its disclosure (by the United States Attorney) is partial and unfair." 58 F.Supp. at page 274. The Supreme Court has said, "Grand Jury testimony is ordinarily confidential. * * * But after the grand jury's functions are ended, disclo-

sure is wholly proper where the ends of justice require it." U. S. v. Socony-Vacuum Oil Co., supra, 310 U.S. at pages 233, 234, 60 S.Ct. at page 849, 84 L.Ed. 1129.

The Court of Appeals for the Second Circuit was faced with the same situation which is present here. In U. S. v. Remington, 1951, 191 F.2d 246, the defendant was indicted for perjury upon his testimony before the grand jury that he had never been a member of the Communist Party. The district court had denied defendant's motion to inspect the minutes of his testimony before the grand jury. The Court of Appeals said:

"His memory of what he said is no adequate substitute for the minutes themselves. It is one thing to deny the defense access to grand jury minutes which it intends to use for the relatively negative purpose of impeaching a witness; it is quite a different thing to deny an accused access to the minutes of his own testimony which may afford him an affirmative defense. * * * We see no good reason for suppressing the evidence under these circumstances." 191 F.2d at page 251.

■ This court agrees that the accused was entitled to show what had gone before the critical questions and answers, since "this might throw light on how he understood the question and what he meant by his answer."

For a persuasive analogy see Edwards v. U. S., 1941, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957. There defendant pleaded immunity under the Securities Exchange Act, 15 U.S.C.A. § 77a et seq., because of his testimony given before the Commission. The trial court overruled not only the plea but petitioner's motion for production of the transcript "which was certainly the best evidence of whether the testimony (supported) * * * amnesty." The Supreme Court reversed saying, "This is not an instance of the inspection of notes or material gathered by a prosecutor for his own use. What is sought is the production as evidence in the hearing on the plea in bar of the very foundation of the plea." 312 U.S. at page 481, 61 S.Ct. at page 674. See also Boehm v. U. S., 8 Cir., 1941, 123 F.

**122**

F.2d 791, U. S. v. Andolschek, 2 Cir., 1944, 142 F.2d 503.

I am persuaded, in spite of the weight of authority for secrecy of grand jury minutes and the many denials of the same to defendants, that an exception to the general rule arises in perjury actions which are based on the defendant's testimony before a grand jury. The defendant may have a copy of the grand jury minutes of her testimony or permission to examine the same and make a copy thereof. The parties may agree as to which should be done. If they are unable to agree, then I will order what should be done under the circumstances.

An order may be submitted in conformity with the opinion herein expressed.